# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

**STANDING ORDER FOR**
**UNITED STATES MAGISTRATE JUDGE LAUREL BEELER**
*(Effective December 23, 2010)*

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the local rules, the general orders, this standing order, and the Northern District's general standing order for civil cases titled "Contents of Joint Case Management Statement." Local rules, general orders, general standing orders, and a summary of the general orders' electronic filing requirements (including the procedures for emailing proposed orders to chambers) are available at http://www.cand.uscourts.gov (click "Rules" or "ECF-PACER"). The parties' failure to comply with any of the rules and orders may be a ground for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

**A. CALENDAR DATES AND SCHEDULING**

1. The criminal motions calendar is on the first and third Thursdays of the month at 9:30 a.m. The civil motions calendar is on the first and third Thursdays of the month at 11 a.m. Civil case management conferences are Thursdays at 1:30 p.m. and are not recorded unless a party is pro se or unless counsel requests recording.

2. Parties who notice motions under the local rules need not reserve a hearing date in advance if the date is available on the Court's on-line calendar (click "Calendars" at http://www.cand.uscourts.gov). Depending on its schedule, the Court may reset or vacate hearings.

3. For scheduling questions, please call Judge Beeler's courtroom deputy, Lashanda Scott, at (510) 637-3525.

**B. CHAMBERS COPIES**

4. Under Civil Local Rule 5-1(b), parties must lodge an extra paper copy of any filing and mark it as a copy for "Chambers." Please three-hole punch the chambers copy.

STANDING ORDER FOR UNITED STATES
MAGISTRATE JUDGE LAUREL BEELER

**C. CIVIL DISCOVERY**

5. **Evidence Preservation**. After a party has notice of this order, it shall take the steps needed to preserve information relevant to the issues in this action, including suspending any document destruction programs (including destruction programs for electronically-maintained material).

6. **Production of Documents In Original Form**. When searching for documents and material under Federal Rule of Civil Procedure 26(a)(1) or after a Federal Rule of Civil Procedure 34(a) request, parties (a) should search all locations – electronic and otherwise – where responsive materials might plausibly exist, and (b) to the maximum extent feasible, produce or make available for copying and/or inspection the materials in their original form, sequence, and organization (including, for example, file folders).

7. **Privilege Logs**. If a party withholds material as privileged, *see* Fed. R. Civ. P. 26(b)(5) and 45(d)(2)(A), it must produce a privilege log as quickly as possible, but no later than fourteen days after its disclosures or discovery responses are due, unless the parties stipulate to or the Court sets another date. Privilege logs must contain the following: (a) the subject matter or general nature of the document (without disclosing its contents); (b) the identity and position of its author; (c) the date it was communicated; (d) the identity and position of all addressees and recipients of the communication; (e) the document's present location; (f) the specific privilege and a brief summary of any supporting facts; and (g) the steps taken to ensure the confidentiality of the communication, including an affirmation that no unauthorized persons received the communication.

8. **Expedited Procedures for Discovery Disputes.** The parties shall not file formal discovery motions. Instead, and as required by the federal rules and local rules, the parties shall meet and confer to try to resolve their disagreements. *See* Fed. R. Civ. P. 37(a)(1); Civil L. R. 37-1. After attempting other means of conferring such as letters, phone calls, or emails, lead counsel for the parties must meet and confer **in person.** Either party may demand such a meeting with ten days' notice. If the parties cannot agree on the location, the location for meetings shall alternate. Plaintiff's counsel shall select the first location, defense counsel shall select the second location, and so forth. If the parties do not resolve their disagreements through this procedure, the parties shall file a joint letter instead of a formal motion five days after lead counsels' in-person meet-and-confer. Lead counsel for both parties must sign the

letter, which shall (a) include an attestation that the parties met and conferred in person regarding all issues before filing the letter, (b) describe each unresolved issue in a separate section, (c) summarize each party's position about each issue (with appropriate legal authority) in that separate section, and (d) provide each party's final proposed compromise about each issue in the separate section. (This process allows a side-by-side analysis of each disputed issue.) If the disagreement concerns specific discovery that a party has propounded, such as interrogatories, requests for production of documents, or answers or objections to such discovery, the parties shall either reproduce the question/request and the response in its entirety in their joint letter, or attach it as an exhibit to the joint letter. The Court then will review the joint letter and determine whether future proceedings are necessary. In emergencies during discovery events such as depositions, the parties may contact the Court pursuant to Civil Local Rule 37-1(b).

**D. CONSENT CASES**

9. In cases that are randomly assigned to Judge Beeler for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

**E. SUMMARY JUDGMENT MOTIONS**

Motions for summary judgment shall be accompanied by a joint statement of the material facts that the parties agree are not in dispute. The joint statement shall include – for each undisputed fact – citations to admissible evidence. The parties shall comply with the procedures set forth in Civil Local Rule 56-1(b). The parties may not file – and the Court will not consider – separate statements of undisputed facts. Failure to stipulate to an undisputed fact without a reasonable basis for doing so may result in sanctions. *See* Civil L. R. 56-1(b).

IT IS SO ORDERED.

_____
LAUREL BEELER
United States Magistrate Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

# CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.	Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.	Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.	Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.	Motions: All prior and pending motions, their current status, and any anticipated motions.

5.	Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.	Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.	Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.	Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.	Class Actions: If a class action, a proposal for how and when the class will be certified.

10.	Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.	Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.