UNITED STATES DISTRICT COURT

For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| PATRICK COLLINS INC,<br><br>        Plaintiff,<br>   v.<br>DOES 1-3757,<br><br>        Defendants.<br>_____/ | No. C 10-05886 LB<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Patrick Collins, Inc. filed its complaint on December 27, 2010. ECF No. 1.[1] Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant within 120 days after it files the complaint. A court must dismiss a case without prejudice if a plaintiff has not complied with this provision unless the plaintiff shows good cause for its failure to serve a defendant. Fed. R. Civ. P. 4(m). If good cause appears, the court must extend the time for service for an appropriate period. *Id.*

Whether good cause exists is determined on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). A plaintiff may show good cause where it attempted to serve a defendant but not yet completed it, was confused about the requirements for service of process, or was prevented from serving a defendant because of events outside of its control. *See Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (applying the good cause standard in Rule 4(j) which was replaced by Rule

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

C 10-05886 LB
ORDER TO SHOW CAUSE

4(m) in 1993); *Mateo v. M/S KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992) (overturned on other grounds). Evasion of service could also constitute good cause for delay in service. *Id.* at 371; *Intrade Industries, Inc. v. Foreign Cargo Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal. Dec. 24, 2008) (citing *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997)).

On April 13, 2011, Plaintiff filed an *ex parte* application for leave to take limited discovery prior to a Rule 26 conference. ECF No. 8. The *ex parte* application seeks permission to serve subpoenas on certain Internet Service Providers to obtain information identifying the Doe Defendants so that Plaintiff can complete service of process on them. *Id.* The proposed order gives the Internet Service Providers and subscribers each 30 days in which to object to the subpoenas. ECF No. 8-3 at 2. Based on this time line, even if the court had ruled on the motion immediately and Plaintiff served the subpoenas that same day, Plaintiff would not be expected to file proof of service until June 12, 2011. And – by Plaintiff's own admission – this scenario is unlikely given that, in its request for an order vacating the case management conference, Plaintiff stated that some Internet Service Providers cannot quickly produce the requested information. ECF No. 9 at 2.

Rule 4(m) requires Plaintiff to have filed proof of service by April 26, 2011. Plaintiff did not. Accordingly, the court **ORDERS** Plaintiff to show cause why this action should not be dismissed for failure to serve the defendants as required by Rule 4(m) by May 23, 2011.

**IT IS SO ORDERED.**

Dated: May 10, 2011

_____
LAUREL BEELER
United States Magistrate Judge