1

2

3

4

5

6

7

8                    UNITED STATES  DISTRICT COURT

9                      Northern District of California

10                         Oakland Division

11   PATRICK COLLINS INC,                  No. C 10-05886 LB

12                    Plaintiff,      **ORDER DENYING APPLICATION**
                                      **TO EXTEND TIME AND**
13        v.                          **DISMISSING CASE**

     DOES 1-3757,
14                                    [ECF No. 14]
                     Defendants.
15   _____/

16                         **I.  INTRODUCTION**

17      Plaintiff Patrick Collins, Inc. filed its complaint on December 27, 2010.  ECF No. 1 at 1.[1]  On

18   April 13, 2011, Plaintiff filed an *ex parte* application for leave to take limited discovery prior to a

19   Rule 26 conference.  ECF No. 8 at 1.  But the proposed order gave the Internet Service Providers

20   and subscribers each 30 days in which to object to the subpoenas.  ECF No. 8-3 at 2.  Based on this

21   time line, even if the court had ruled on the motion immediately and Plaintiff served the subpoenas

22   that same day, Plaintiff would not have been expected to file proof of service until June 12, 2011.

23   And – by Plaintiff's own admission – this scenario was unlikely given that, in its request for an order

24   vacating the case management conference, Plaintiff stated that some Internet Service Providers

25   cannot quickly produce the requested information.  ECF No. 9 at 2.  Federal Rule of Civil Procedure

26   4(m) requires the plaintiff to serve the defendants within 120 days of filing the complaint or by April

27   _____

28          [1]  Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page
     numbers at the top (as opposed to the bottom) of the page.

UNITED STATES DISTRICT COURT
For the Northern District of California

26, 2011.  Fed. R. Civ. P. 4(m).  Therefore, on May 10, 2011, the court issued an order to show cause why the action should not be dismissed for failure to serve the defendants.  ECF No. 11  at 2.  Plaintiff filed a response to the order to show cause, focusing on the delays in getting names from the Internet Service Providers.  ECF No. 12 at 3.  The court now denies Plaintiff's application to extend time to serve and dismisses the case because Plaintiff did not show good cause for its failure to name and serve any defendants within the time period set forth by Rule 4(m).

## II.  LEGAL STANDARDS

### A.  Time to Serve Doe Defendants

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after it files the complaint.  The 120 days for service runs from the date of the original complaint for all Doe Defendants – identified by Doe number, the Internet Protocol address associated with each Defendant, the identity of the Internet Service Provider associated with the Internet Protocol address, the last-observed date and time that the infringement by that Defendant was observed, and the software protocol used by the Defendant – named in the original complaint.  *See Harris v. City of Cleveland*, 7 Fed. Appx. 452, 456 (6th Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants.") (citing 4A Wright & Miller, Federal Practice & Procedure § 1137, at 103 (Supp. 2000)); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (holding that district court did not abuse its discretion in dismissing defendants named in an amended complaint when they had been named in an earlier complaint but not served within 120 days of the filing of the original complaint); *Scott v. Hern*, 216 F.3d 897, 911-912 (10th Cir. 2000) (upholding dismissal of an action against Doe defendants for failure to effect timely service under Rule 4(m)); *Figueroa v. Rivera*, 147 F.3d 77, 83 (1st Cir. 1998) (holding, in the alternative, that dismissal was proper pursuant to Rule 4(m) where the plaintiff failed to identify and serve an unknown defendant within 17 months of filing the complaint); *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (holding that Doe defendants must be identified and served within 120 days of the commencement of the action against them (but declining to dismiss the action)); *Sedaghatpour v. California*, No. C 07-01802 WHA, 2007 WL 2947422, at *2 (N.D. Cal. Oct. 9, 2007) ("Furthermore, the Court may dismiss

1  'Doe' defendants who are not identified and served within 120 days after the case is filed pursuant to

2  FRCP 4(m)."); *cf. McGuckin v. United States*, 918 F.2d 811, 812, 813 (9th Cir. 1990) (holding that

3  time to serve defendants *added in the new complaint* runs from filing of new complaint).  This

4  approach comports with the policies underlying the rule.  *See Fimbres v. United States*, 833 F.2d

5  138, 139 (9th Cir. 1987) ("Rule 4(j) [Rule 4(m)'s predecessor] is intended to force parties and their

6  attorneys to be diligent in prosecuting their cause of action.") (citing *Wei v. State of Hawaii*, 763

7  F.2d 370, 372 (9th Cir. 1985)).

8  **B.  Good Cause**

9      A court may dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m)

10  unless the plaintiff shows good cause for its failure to serve a defendant. Fed. R. Civ. P. 4(m).  If

11  good cause appears, the court must extend the time for service for an appropriate period.  *Id.*

12  Whether good cause exists is determined on a case by case basis.  *In re Sheehan*, 253 F.3d 507, 512

13  (9th Cir. 2001).  A plaintiff may show good cause where it attempted to serve a defendant but has

14  not yet completed it, was confused about the requirements for service of process, or was prevented

15  from serving a defendant because of events outside of its control.  *See Wei v*, 763 F.2d at 372

16  (applying the good cause standard in Rule 4(j) which was replaced by Rule 4(m) in 1993); *Mateo v.*

17  *M/S KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992) (overturned on other grounds).  Evasion of

18  service could also constitute good cause for delay in service.  *Id.* at 371; *Intrade Industries, Inc. v.*

19  *Foreign Cargo Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal.

20  Dec. 24, 2008) (citing *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997)).

21                       **III.  DISCUSSION**

22  **A.  Whether Plaintiff Demonstrated Good Cause for its Failure to Seeks Early Discovery toto**

23  **Serve Defendants Within the Time Period Set Forth in Rule 4(m)**

24      Plaintiff filed a response to the order to show cause, focusing on the delays in getting names

25  from the Internet Service Providers.  ECF No. 12 at 3.  Plaintiff did not explain why it waited to seek

26  early discovery until just ten days before the Rule 4(m) deadline.  Instead, Plaintiff discusses the

27  difficulties in determining the identities of the defendants in the context of a number of other

28  pending cases.  *Id.* at 4-6.  And Plaintiff represents that it is working with the Internet Service

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Providers to streamline the process for identifying individuals and attributes some of the delays to

2  the Internet Service Providers' difficulties in providing the necessary information. *Id.* at 5-6.

3      Plaintiff also argues that dismissal is not required or warranted at this stage, pointing out that the

4  cases in the court's order to show cause involved longer delays or did not result in a dismissal for

5  reasons of judicial economy. *Id.* at 6-7. Plaintiff further claims that defendants would not be

6  prejudiced. *Id.* at 8.

7      But, in this case, the court has no confidence that Plaintiff has shown the requisite diligence in

8  moving to identify, name, and serve defendants, despite its (unsworn) claims to the contrary. For

9  example, Plaintiff's counsel states that he has filed ten other copyright cases involving a large

10  number of Doe defendants. ECF No. 12 at 4. The court previously reviewed these dockets and

11  noted that the plaintiffs in these cases had not filed proof of service for even a single defendant even

12  though a number of defendants have been identified and dismissed after settling with the plaintiffs.

13  *See, e.g., Media Products, Inc. DBA Devil's Film v. Does 1-1257*, Case No. CV 10-04471 RS

14  (complaint  filed on October 4, 2010 and no proof of service filed for any defendant as of July 29,

15  2011, but four Doe defendants have been dismissed after settling). The plaintiffs in these cases

16  appear content to force settlements without incurring any of the burdens involved in proving their

17  cases. And, while the courts favor settlements, "filing one mass action in order to identify hundreds

18  of doe defendants through pre-service discovery and facilitate mass settlement, is not what the

19  joinder rules were established for." *IO Group, Inc. v. Does 1-435*, No. C 10-4382 SI, 2011 WL

20  445043, at *6 (N.D. Cal. Feb. 3, 2011).

21      Additionally, the court does not find that Plaintiff will be unduly prejudiced by a dismissal

22  without prejudice. The earliest date of an illegal download identified in Plaintiff's Exhibit A is May

23  13, 2010. ECF No. 1 at 104. Under 17 U.S.C. § 507, a civil copyright action must be commenced

24  within three years after the claim accrued. Furthermore, Plaintiff claims to have coordinated with

25  the Internet Service Providers to streamline the systems for acquiring identifying information and, as

26  evidenced by the stipulated dismissals, appears to be receiving such information already.

27      The case law in similar cases does not compel a different result. For example, a court in the

28  Northern District of Illinois dismissed a similar complaint after only 131 days, noting the potential

UNITED STATES DISTRICT COURT
For the Northern District of California

1   for abuse. *CP Productions, Inc. v. Does 1-300*, Civ. No. 10 C 6255, Memorandum Order, ECF No.

2   27 (N.D. Il. Feb. 7, 2011).  Shortly thereafter, the court denied the plaintiff's motion for

3   reconsideration. *CP Productions, Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, at *1 (N.D.

4   Ill Feb. 24, 2011).  In its order denying the plaintiff's motion for reconsideration, the court expanded

5   upon its concerns.  Specifically, the court noted the serious issues regarding personal jurisdiction,

6   joinder, and venue.  *Id.*  The court then ordered the subpoena issued to the Internet Service Provider

7   to be quashed.  *Id.*  The court also ordered the plaintiff to direct the Internet Service Provider to

8   notify (at the plaintiff's expense) all those to whom the Internet Service Provider had previously

9   given notice of the plaintiff's subpoena issued to the Internet Service Provider.  *Id.*  The notice was

10  to include (1) the fact of this dismissal and (2) the fact that the Internet Service Provider will take no

11  further action in connection with the now-quashed subpoena, so that those persons are free to ignore

12  the matter.  *Id.*  In the instant case, the undersigned identifies the same concerns as discussed in the

13  *CP Productions* orders.

14      In *IO Group, Inc. v. Does 1-19*, No. C 10-03851 SI, 2011 WL 772909 (N.D. Cal. Mar. 1, 2011),

15  the district court rejected a subscriber's motion for dismissal pursuant to Rule 4(m).  In *IO Group*,

16  the plaintiff argued that the subscriber asserted that he did not infringe plaintiff's work, suggesting

17  that someone else used his IP address to infringe the plaintiff's work.  *Id.* at *1.  The plaintiff then

18  claimed that it needed to take third-party discovery from the subscriber to try to identify who

19  actually used the subscriber's IP address to allegedly infringe the plaintiff's work.  *Id.*  The court

20  granted the plaintiff 60 days to identify and serve the Doe defendant.  *Id.* at *2.  The plaintiff never

21  served the defendant, and the court dismissed the case.  Docket No. C 10-03851 SI, Order, ECF No.

22  41 at 1.  Here, Plaintiff merely claims that the Internet Service Providers will be slow in providing

23  the necessary information.  But Plaintiff has neither explained why it delayed in seeking the

24  discovery nor identified new third-party discovery that is necessary.  Additionally, the ultimate

25  disposition of the *IO Group* case highlights the court's concern that the plaintiffs in these kinds of

26  cases are not genuinely prepared to bring their cases.

27  **B.  Whether this Court Can Dismiss the Complaint**

28      Plaintiff has consented to this court's jurisdiction.  ECF No. 6.  The court does not require the

1   consent of the defendants to dismiss an action when the defendants have not been served and

2   therefore are not parties under 28 U.S.C. § 636(c). *Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL

3   973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.

4   1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the

5   consent of an individual who was not a party was not a precondition to the magistrate judge's

6   jurisdiction).

### IV.  CONCLUSION

7

8       For the foregoing reasons, the court **DENIES** Plaintiff's application to extend time and

9   **DISMISSES** Plaintiff's complaint without prejudice.

10       **IT IS SO ORDERED.**

11   Dated: November 4, 2011

12   _____
     LAUREL BEELER
13   United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California